OPINION Petitioner seeks to exclude from gross income in 1964 $1,500 which he received from the fund of NSF grant NSF-G21507. He contends that the amount constituted an excludable fellowship grant within the meaning of section 117.[1] Petitioner, who was not a candidate for a degree in 1964, must prove essentially three propositions in order to comply with the requirements of section 117.[2] He must first show that the amounts he received under NSF-G21507 constituted a “fellowship grant” within the meaning of section 117(a) (2) and the regulations thereunder. Then he must show that the grantor of the fellowship grant was one of the public-oriented organizations favored by section 117 (b) (2) (A). Finally, petitioner must prove that, prior to 1961, he had not exhausted the 36-month limitation on the extent of the exclusion. Sec. 117(b) (2) (B). We find that petitioner has failed to present sufficient evidence to enable us to make a determination with respect to this last element. The main issue which the parties focused upon at trial was whether the payments petitioner received under NSF-G21507 possessed the proper characteristics of a “fellowship grant’-' as defined and qualified in the regulations. Sec. 1.117-3 (c), 1.117-4(c), Income Tax Regs. However, both parties recognized that even if this issue was decided favorably to petitioner he must also prove that the 36-month limitation had not been exhausted prior to 1964. Both parties made excellent arguments on the delicate question of the main issue, but we cannot reach or decide it because petitioner has failed to carry his burden of proof on the threshold question of whether any exclusion remains available to him. Section 117(b) (2) (B) provides that a fellowship grant recipient who is not a candidate for a degree may exclude up to $300 per month for each month for which he received payments under such grant. However, such a recipient may no longer take advantage of this exclusion after having been entitled to it for a total of 36 months in his lifetime. The clear language of the statute leaves no room for doubt that the bare fact of entitlement to the exclusion in any month is enough to reduce the balance in the 36-month exclusion reserve.[3] Section l.ll7-2(b) (2) and (3), Income Tax Regs., confirms this interpretation. The critical language of section l.ll7-2(b) (2) (ii) is, “This limitation applies if the individual has received any amount which was either excluded or excludable.” Thus, the recipient must claim the exclusion for the entitlement year or he may forever lose it. Petitioner concedes that he has availed himself of the $300 exclusion for at least 15 months in the period from 1960 through 1963. He also received three monthly payments to which he was “entitled” under NSF-G9104 during 1959. Respondent argues that the payments under the NSF grants, although actually received by petitioner during only 18 separate months from June 1959 through 1963, were, in fact, intended to support petitioner’s research efforts for the entire 55-month period. The record lends some support to respondent’s contention, however, we need not discuss the merits of that argument because petitioner has failed to show that payments which he received under the earlier project grant at Berkeley were not excludable pursuant to section 117. The existence of the Berkeley grant was not revealed until respondent’s re-cross-examination of petitioner. Petitioner recalled that he had received payments from a grant that lasted for a 2-year period sometime between 1952 and 1957. He did not know how that grant had been funded, but asserted that it was the only grant which he received between 1952 and 1957. On further redirect examination, petitioner’s counsel asked petitioner, “Were you employed as an employee during that entire period in which you were subjected to income tax fully upon your earnings as an employee?” Respondent properly objected to this question as calling for a legal conclusion. We let petitioner answer that, to the best of his knowledge, the Berkeley grant was fully taxable; this answer was adequately qualified to meet respondent’s objection. This is not an issue that has taken petitioner by surprise. In his opening brief he argues that the fellowship exclusion claimed for the year 1964 is not barred by the 36-month limitation as established by the stipulation of facts and petitioner’s uncontradicted testimony. The only support for this found in the stipulation of facts is an attachment to petitioner’s 1964 return in which it is stated that petitioner claimed the exclusion for only 15 months prior to 1964; and the only testimony we have is petitioner’s testimony that in his opinion the Berkeley grant was fully taxable. Consequently we are unable to ascertain whether the 2-year period of the Berkeley grant began or ended before or after 1954, the first year of the applicability of section 117. Sec. 7851(a) (1) (A). More importantly, petitioner has not apprised us of the terms and conditions of that early grant to permit us to determine whether it was taxable or excludable under section 117. If it was taxable, none of the 24 months of its duration could have been used to effect any change in the 36-month, lifetime exclusion reserve which section 117(b) (2) (B) establishes. If, on the other hand, the Berkeley grant was excludable (subject to the $300 per month limitation), petitioner might have expended up to 24 months of his 36-month reserve. If those 24 months are added to the 15 months during which petitioner concedes he was entitled to the exclusion from 1960 through 1963, it becomes evident that he has exhausted his 36-month exclusion prior to 1964, the year in issue. Absent some showing of the factors which would enable us to settle the taxability of that early grant, we cannot accept petitioner’s uncorroborated opinion that the grant was fully taxable. Petitioner's memory of that early grant was not very clear. It is to be expected that he would have difficulty recalling the characteristics of a grant which terminated over 12 years before trial. However, this circumstance does not change the fact that the burden of proof is on petitioner to show that he had not completely exhausted the 36-month exclusion reserve prior to 1964. We are bound by the operative words of section 117(b) (2) (B) and the unequivocal explanatory provisions of section 1.117-2 (b) (2) of the regulations to hold that since petitioner has failed to adequately disclose the nature of the Berkeley grant, we cannot determine whether he should be allowed in 1964 to claim any exclusion under section 117. Aloysius J. Proshey, 51 T.C. 918 (1969). Decision will he entered for the respondent. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated. SEC. 117. SCHOLARSHIPS AND FELLOWSHIP GRANTS. (a) Genebal Rule. — In the case of an individual, gross income does not include— (1) any amount received— (A) as a scholarship at an educational institution (as defined in section 151(e) (4)), or (B) as a fellowship grant, including the value of contributed services and accomo-dations ; and ******* (b) Limitations.— ****** * (2) Individuals Who Abe Not Candidates fob Degbees. — In the case of an individual who is not a candidate for a degree at an educational institution (as defined in section 151(e)(4)), subsection (a) shall apply only if the condition in subparagraph (A) is satisfied and then only within the limitations provided in subparagraph (B). (A) Conditions foe Exclusion. — The grantor of the scholarship or fellowship grant is— (i) an organization described in section 501(c)(3) which is exempt from tax under section 501 (a), (ii) a foreign government, (ill) an international organization, or a binational or multinational educational and cultural foundation or commission created or continued pursuant to the Mutual Educational and Cultural Exchange Act of 1961, or (iv) the United States, or an instrumentality or agency thereof, or a State, a territory, or a possession of the United States, or any political subdivision thereof, or the District of Columbia. '(B) Extent of Exclusion. — (The amount of, the scholarship ,or fellowship grant excluded under subsection (a) (1) in any taxable year shall be limited to an amount equal to $300 times the number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year, except that no exclusion shall be allowed under subsection (a) after the recipient has been entitled to exclude under this section for a period of 36 months (whether or not consecutive) amounts received as a scholarship or fellowship grant while not a candidate for a degree at an educational institution (as defined in section 151(e) (4)). Tlie critical language is : no exclusion shall be allowed under subsection (a) after the recipient has been entitled to exclude under this section for a period of 36 months (whether or not consecutive) * * *