In this suit, plaintiff Do Ren Chang,[1] pro se, asks a refund of $801, the amount of taxes purportedly overpaid for the years 1974 and 1975. He seeks under Section 117 to exclude from income $6000 ($3600 for 1974 and $2400 for 1975) of the amounts he received from the University of North Carolina pursuant to a National Science Foundation grant. The Government moves for summary judgment;[2] without oral argument, we grant the motion.
During the period from 1969 to 1974 and the first eight months of 1975, plaintiff worked as a research associate in the Chemistry Department of the University of North Carolina at Chapel Hill. His research related to the University’s "Critical Phenomena in Liquid Helium” project, a study partially funded by grants from the National Science Foundation. He claims that the funds he received from that project are excludable (subject to the $300 per month limit) as a fellowship grant qualifying under § 117 of the Internal Revenue Code.
Without conceding that those amounts were in fact fellowship grants, defendant argues that, even assuming that they were, similar payments in the years preceding 1974 fully exhausted plaintiffs allowable exclusion. Be *861 cause he was not a candidate for a degreee, he is limited by the clause in § 117(b)(2)(B) that provides "no exclusion shall be allowed under subsection (a) after the recipient has been entitled to exclude under this section for a period of 36 months (whether or not consecutive) amounts received as a scholarship or fellowship grant . . I.R.C. § 117(b)(2)(B) (emphasis added). In a deposition, taxpayer has admitted that the money payments he received from 1970 through 1973 were similar in kind to those he received in 1974 and 1975, and which he now claims are excludable. Though he did not seek or obtain an exclusion for those earlier periods, it would seem to follow that the statute bars him from recovering for 1974 and 1975 because he was "entitled” to the exclusion in the prior years.
If the bare words of the statute leave any doubt whether the limitation applies, even if (as here) the taxpayer has not taken advantage of the exclusion in previous years, the Regulations do not. Treasury Regulation § 1.117 — 2(b)(2)(ii) (1964) provides that no exclusion is allowed if the individual "has received any amount which was either excluded or excludable from his gross income under section 117(a)(1) for any prior 36 months. . .”. (emphasis added). This take-it-or-lose-it interpretation has been affirmed by the Tax Court in at least two cases, Proskey v. Commissioner, 51 T.C. 918, 926 (1969); Wijsman v. Commissioner, 54 T.C. 1539, 1545 (1970), and is strongly supported by the legislative history. See S. Comm. Rep. on the Internal Revenue Code of 1954, "Detailed Discussion of Technical Provisions of the Bill,” reprinted in [1954] U.S. Code Cong. & Ad. News 4621, 4824-25 (example 3). Plainly, the regulation is valid and does not contravene the statute which employs the term "entitled”.
It is unfortunate that plaintiff failed to avail himself of the exclusion in the first three years of the fellowship. But the statute, regulations, and decisions make plain that those were the only years to which the exclusion might apply in this case. Perhaps the provision can be a trap for the unwary, uncounseled taxpayer (as many of the intended beneficiaries — fellowship recipients — are likely to be), but it lies with Congress, not this court, to alleviate any possible unfairness. Cf., Edinburg v. United States, 223 Ct. Cl. 1, 7-8, 617 F.2d 206, 210 (1980).
*862 For these reasons defendant’s motion is granted, and the petition is dismissed.

 Hui Mei Chang appears as a plaintiff solely because she filed joint returns with her husband, Do Ren Chang. "Plaintiff’ refers to him.

 Plaintiff has not responded to the motion and the time to do so has expired.